**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|                              |     |                              |
|------------------------------|-----|------------------------------|
|                              | *   |                              |
| **UNITED STATES OF AMERICA** | *   |                              |
|                              | *   |                              |
| v.                           | *   | Case No. RWT 13-cr-698       |
|                              | *   |                              |
| **OLADIPO O. ANIYIKAIYE**    | *   |                              |
|                              | *   |                              |
|                              | *   |                              |
|                              | *   |                              |

<u>**MEMORANDUM OPINION AND ORDER**</u>

On December 4, 2013, after a trial before Magistrate Judge Thomas M. DiGirolamo, Appellant Oladipo Aniyikaiye was convicted of "knowingly giving false information to an authorized person investigating an accident or violation of law or regulation" in violation of 36 C.F.R. § 2.32(a)(3).  He was sentenced to one year of probation and one hundred hours of community service.  Pursuant to 18 U.S.C. § 3402, Aniyikaiye now appeals his conviction.  No hearing is deemed necessary.  Local R. 302.

### I.    Background

On March 31, 2013, U.S. Park Police Officer Meghan Farrell reported to the scene of a single-vehicle accident along the Baltimore-Washington Parkway in an area within the maritime and territorial jurisdiction of the U.S. Park Service.  Trial Transcript, ECF No. 3-1 ("Tr.") at 7. Aniyikaiye, his wife, and his three children were involved in a serious accident in which a vehicle was overturned, Tr. at 44, and emergency personnel had already arrived, Tr. at 7.  Officer Farrell began questioning Aniyikaiye, who was not injured in the accident, about who had been in the vehicle when it overturned.  Tr. at 9.  Aniyikaiye gave the full names of his children, including the last name "Aniyikaiye," Tr. at 10-12, but gave Officer Farrell his name as "Ola

Ani," Tr. at 11.   Officer Farrell testified that Aniyikaiye gave his date of birth as 5/30/77, Tr. at 14, and stated that the Appellant confirmed the information more than once, Tr. at 60-61.

The following day, as part of her routine investigation, Officer Farrell ran the name "Ola Ani" through the Maryland Case Search system and found no record.  Tr. at 17.   Officer Farrell then searched under the name "Aniyikaiye" in the Meters Driving Response database and found a record for Oladipo Aniyikaiye.  Tr. at 19.   The Meters Driving Response record provides a photo and driving record, including full name and date of birth.  Tr. at 19.   Officer Farrell identified the photo as the man who had given her the information at the scene of the accident. Tr. at 19-20.   Furthermore, the date of birth indicated on the Meters record was 5/30/84. ECF No. 4.  Officer Farrell charged Aniyikaiye with giving false information to a police officer, specifically by giving a false name and incorrect date of birth.  ECF No. 1-1.

At trial, the Government entered the Meters Driving Response record into evidence to support Officer Farrell's testimony that Aniyikaiye's legal name was not "Ola Ani."  Tr. at 20. Aniyikaiye objected on the grounds that the record was inadmissible hearsay, but Judge DiGirolamo admitted it pursuant to Federal Rule of Evidence 807, the residual exception to the hearsay rule.  Tr. at 20-25.  Aniyikaiye was convicted and sentenced to one year of probation and one hundred hours of community service to be completed within six months.  He filed this timely appeal on December 18, 2013.  ECF No. 1.  On February 18, 2014, Aniyikaiye filed a brief in support of his appeal in accordance with Local Rule 302.  ECF No. 3.  On March 20, 2014, the Government filed its response brief.  ECF No. 4.

## II.    Discussion

In an appeal of a judgment entered by a Magistrate Judge, this Court reviews the judgment just as a court of appeals reviews a judgment entered by a district judge.

Fed. R. Crim. P. 58(g)(2)(D).  In the Fourth Circuit, evidentiary rulings are reviewed for abuse of discretion.  *See United States v. Delfino*, 510 F.3d 468, 470 (4th Cir. 2007).  A court abuses its discretion "when it acts arbitrarily or irrationally, fails to consider judicially recognized factors constraining its exercise of discretion, relies on erroneous factual or legal premises, or commits an error of law."  *Id.*

On appeal, Aniyikaiye argues that the Magistrate Judge erred when he 1) admitted the Meters report into evidence under the residual exception to hearsay, and 2) concluded that Aniyikaiye knowingly gave false information.  The Court now considers these arguments in turn.

### a.  Hearsay

Hearsay is an out-of-court "statement that . . . a party offers in evidence to prove the truth of the matter asserted in the statement."  Fed. R. Evid. 801(c).  Such a statement is generally inadmissible at trial, unless it qualifies under an exception listed in Rule 803 or 804.  Fed. R. Evid. 802.  If a statement meets none of these exceptions, it may still be admitted under Rule 807, referred to as the residual exception to the hearsay rules.  Fed. R. Evid. 807.

Under the residual exception, a hearsay statement may be admitted if 1) it has "equivalent circumstantial guarantees of trustworthiness" as hearsay admissible under Rules 803 and 804; 2) "it is offered as evidence of a material fact;" 3) it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts; 4) "admitting it will best serve the purposes of these rules and the interests of justice;" and 5) "the proponent gives an adverse party reasonable notice of the intent to offer the statement."  Fed. R. Evid. 807; *see also Goode v. United States*, 730 F.Supp.2d 469, 472 (D. Md. 2010).

Elements 1, 2, and 4 are undisputed and were addressed by the trial court.  Judge DiGirolamo concluded, based on Officer Farrell's testimony, that the Meters report had

sufficient circumstantial guarantees of trustworthiness.   The court heard detailed testimony on

the reliability of the system.  Tr. at 19.  The court also determined that the Meters report met the

requirements of elements 2 and 4, because it was material and in the interests of justice.

Tr. at 24.

       Aniyikaiye contends, however, that the Meters report is not more probative than other

evidence the Government could have obtained, and that he was not given reasonable notice of

the Government's intent to offer the statement.   Defendant's Brief, ECF No. 3 ("Def. Brief")

at 2.    At trial, Judge DiGirolamo considered and rejected Aniyikaiye's argument that the

Government could have obtained more probative evidence through reasonable efforts.   Tr. at 25.

He determined that the Meters report was reliable.  Tr. at 25.  This Court finds it reasonable to

conclude that this evidence was at least as probative as any other evidence the Government could

have offered concerning Aniyikaiye's true legal name and date of birth.  *See, e.g.*, *United

States v. Shaw*, 69 F.3d 1249, 1252 n.3 (4th Cir. 1995) (holding that a witness' statement was

more probative than any other evidence and thus met the probative prong of the residual

exception); *Goode*, 730 F.Supp.2d at 472 (same).

       Aniyikaiye's notice argument was offered for the first time on appeal.  Arguments urged

on appeal that were not raised during trial are reviewed only for plain error.  *See United States v.

Hughes*, 401 F.3d 540, 547 (4th Cir. 2005) (*citing United States v. Olano*, 507 U.S. 725, 731-32

(1993)).   Correcting a plain error is within the discretion of the appeals court, but the court

"should not exercise that discretion unless the error seriously affects the fairness, integrity or

public reputation of judicial proceedings."   *Olano*, 507 U.S. at 732 (internal quotation marks

omitted).  Aniyikaiye offers no support for his contention that he was not notified, and there is

none in the record.  The Court finds that any possible error would not have affected the fairness, integrity or public reputation of the judicial proceeding, as required by the plain error standard.

Even if the evidence in question was admitted in error, that error was clearly harmless. "[A]n error is harmless when the error did not substantially sway or substantially influence" the verdict. *United States v. Iskander*, 407 F.3d 232, 240 (4th Cir. 2005) (quoting *Cooper v. Taylor*, 103 F.3d 366, 370 (4th Cir. 1996)).  Furthermore, when allegedly inadmissible statements are not different from testimony given by other witnesses, the admission of these statements is harmless error.  *See United States v. Vanderpool*, 528 F.2d 1205, (4th Cir. 1975).  Here, the Meters report was offered in support of the fact that Defendant's full legal name is Oladipo Aniyikaiye – a fact that was undisputed and corroborated by his own testimony and that of his wife at trial.  Nothing has been presented to this Court demonstrating the prejudicial nature of the admission of this evidence, and any error would be harmless.

### b.  Knowingly giving false information

Aniyikaiye also argues that his conviction should be overturned because the Government did not present enough evidence to prove guilt beyond a reasonable doubt.  Def. Brief at 3.  He believes that conflicting testimony regarding the date of birth he gave to Officer Farrell, and testimony about his regular use of the name "Ola Ani" establishes reasonable doubt.  *Id.*  Judge DiGirolamo, as the trier of fact, disagreed.  In a bench trial, "the judge weighs the evidence, determines the credibility of the witnesses, and finds the facts . . . and may select among conflicting inferences to be drawn from the testimony."  *United States v. Bales*, 813 F.2d 1289, 1293 (4th Cir. 1987).  Furthermore, "[i]n findings on factual issues . . . the reviewing court applies the 'clearly erroneous' test."  *Id.*  Appellate courts give trial judges a high degree of deference because of the "superiority of the trial judge's position to make determinations of

credibility." *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 574 (1985). The Court finds no error in Judge DiGirolamo's assessment of the evidence or his determination that Aniyikaiye gave a false date of birth and name to a police officer.

**III.     Conclusion**

For the foregoing reasons, the judgment and sentence are affirmed.


Date: June 18, 2014                                /s/
                                    ROGER W. TITUS
                            UNITED STATES DISTRICT JUDGE